IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**TROY A. MASON**,   CASE NO. 2:14-cv-0075

        Petitioner,   **JUDGE JAMES L. GRAHAM**

v.   Magistrate Judge Kemp

**WARDEN, NOBLE CORRECTIONAL INSTITUTION,**
        Respondent.

## REPORT AND RECOMMENDATION

Petitioner, a state prisoner, has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254. This matter is before the Court to conduct an initial screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts. That Rule provides that "[i]f it plainly appears from the petition ... that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition ...." For the reasons that follow, the Magistrate Judge **RECOMMENDS** that petitioner's claims be **DISMISSED** under Rule 4.

### I.  PROCEDURAL HISTORY

According to the petition, petitioner was sentenced in the Franklin County Court of Common Pleas on April, 2012. He received a sentence of 3 years one count of burglary after having been convicted at trial. Petitioner appealed, raising three issues - the state's failure to provide discovery in a timely fashion, ineffective assistance of t rial counsel, and sufficiency of the evidence - but the Tenth District Court of Appeals overruled his assignments of error. *See State v. Mason*, 2013 WL 268933 (Franklin Co.

App. January 24, 2013).

Petitioner attempted to appeal further to the Ohio Supreme Court. According to the petition, and based on information available from Franklin County's online case information website, www.franklincountyohio.gov/clerk/cio.cfm, his notice of appeal was stamped "Received" by that court on March 8, 2013 - a date within the 45-day appeals period provided for in S.Ct.Prac.R. 7.01(A)(1)(a)(I) - but it was not filed because he had not attached a date-stamped copy of the court of appeals opinion as required by S.Ct.Prac.R. 7.02(D)(1). He corrected the error and his notice of appeal was filed on March 28, 2013, approximately 16 days late. Petitioner asked the Ohio Supreme Court for leave to file a delayed appeal, but that request was denied. *State v. Mason*, 135 Ohio St.3d 1446 (Table)(2013). Petitioner also filed a motion for reconsideration with the state court of appeals, which was denied as untimely.

In his petition for habeas corpus relief, Petitioner raises two grounds for relief. He asserts that the state courts erroneously summarized the facts concerning the evidence presented at trial and that the trial court erred by not granting his motion for acquittal. The question raised by the petition, and particularly by the late filing of the notice of appeal in the Ohio Supreme Court, is whether these claims are barred by the doctrine of procedural default.

## II. EXHAUSTION AND PROCEDURAL DEFAULT

Under §2254, a federal court may grant relief to a state prisoner only if that person is being held in custody in violation of the Constitution or law of the United

States - that is, that the prisoner's conviction or sentence was unlawful under federal law.  In order for a federal court to decide any such claims on their merits, "the state prisoner must give the state courts an opportunity to act on his claims before he presents those claims to a federal court in a habeas petition." *O'Sullivan v. Boerckel,* 526 U.S. 838, 842 (1999).  That is so because §2254(b) states that an application for a writ of habeas corpus filed by someone in petitioner's position "shall not be granted" unless "the applicant has exhausted the remedies available in the courts of the State ...."

A doctrine related to the exhaustion doctrine is known as "procedural default." "Procedural default" describes the situation where a person convicted of a crime in a state court not only fails (for whatever reason) to present a particular claim to the highest court of the State so that the State has a fair chance to correct its own errors, but no longer has any opportunity to do so - usually because the time for filing an appeal or other attack on a state conviction or sentence has come and gone.  When that occurs, a habeas petitioner may obtain review of the merits of his federal claims only if he can show some "cause" for his failure to follow the state court rules relating to raising that claim, and "prejudice" from not having obtained state court review.  *See Wainwright v. Sykes*, 433 U.S. 72 (1977).

Here, the record shows that the Ohio Supreme Court refused to consider the merits of any of Petitioner's claims because he did not timely file a proper notice of appeal.  Is that also a basis for this Court's refusal to examine the merits of those claims? The answer, unfortunately for Petitioner, is yes.

In the Sixth Circuit, a four-part analysis must be undertaken when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id*. Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id*. Third, it must be decided whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id*. Finally, if the Court has determined that a state procedural rule was not complied with and that the rule was an adequate and independent state ground, then the petitioner is required to demonstrate that there was cause for him not to follow the procedural rule and that he was actually prejudiced by the alleged constitutional error. *Id*. This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall*, 757 F.2d 94 (6th Cir.1985).

First, there is a state procedural rule that applies to taking an appeal to the Ohio Supreme Court; that is the rule cited above, S.Ct.Prac.R 7.02(D)(1), which lists "required" attachments to a memorandum in support of jurisdiction. The rule states that "(1) A date-stamped copy of the court of appeals opinion and judgment entry being appealed shall be attached to the memorandum. For purposes of this rule, a date-stamped copy of the court of appeals judgment entry shall mean a copy bearing

the file stamp of the clerk of the court of appeals and reflecting the date on which the court of appeals filed its judgment entry for journalization with its clerk under App.R. 22." Petitioner did not follow this rule at first; by the time he did so, he violated another procedural rule (Rule 7.01(A)(1)(a)(I)) because his notice of appeal was late.

Second, the Ohio Supreme Court enforced a procedural sanction. It denied Petitioner's motion for leave to file a delayed direct appeal and did not consider his claims on the merits because Petitioner did not comply with that court's procedures.

The third question is whether the rule in question is an adequate and independent state ground for the state court's decision - which means, generally, whether the state court regularly and routinely enforces the rule in question. This Court had the opportunity to consider exactly that question in *Blackburn v. Wolfe*, 2009 WL 1117351 (S.D. Ohio April 24, 2009). That case involved the same rule of practice, although, at that time, it was Sup.Ct.R.Prac. III, Section (1)(D) (the Ohio Supreme Court has since renumbered many, if not all, of its Rules of Practice). As here, the petitioner in *Blackburn* filed his initial appeal without attaching a date-stamped copy of the court of appeals decision. This Court held that by doing so, "petitioner has committed a procedural default of all of the claims raised on direct appeal that he failed to timely appeal to the Ohio Supreme Court in a manner that complied with the Rules of the Ohio Supreme Court." *Id*. at *4. The Court rejected any notion that the Rule provided for substantial discretion about whether to accept a faulty notice of appeal, and that conclusion is supported by the language found in S.Ct.R.Prac. 7.02(E), which reads, in

part, that "if the appellant does not tender a memorandum in support of jurisdiction for timely filing along with the notice of appeal, the Clerk of the Supreme Court shall refuse to file the notice of appeal." That is what happened here. The language of the rule is mandatory, and *Blackburn* fully supports the conclusion that this rule is an adequate and independent ground supporting the Ohio Supreme Court's refusal to hear Petitioner's claims on their merits.

Turning to the last *Maupin* factor, *Blackburn* also held that neither the petitioner's pro se status nor his claim of ignorance of the law constituted cause for the procedural default. Blackburn v. Wolfe, 2009 WL 1117351, *4, *citing, inter alia, Bonilla v. Hurley*, 370 f.3d 494, 498 (6th Cir. 2004)("ignorance of the law and procedural requirements for filing a timely notice of appeal is insufficient to establish cause to excuse [a] procedural default"). Likewise, in this case Petitioner has offered nothing more than his explanation that he was not aware when he first submitted his memorandum in support of jurisdiction that a date-stamped copy of the court of appeals opinion was a required attachment. That cannot, under *Bonilla*, which is binding on this Court, excuse his procedural default.

Procedural default can also be excused if a petitioner can make a showing that "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478 , 491 (1986). The Court does not see such evidence in the petition. Petitioner argues that the testimony presented at trial was not sufficient to identify him as the person who entered a residence on King Avenue and

6

took a bicycle, a bottle of whiskey, and a television set, even though he was arrested within ten minutes of the burglary sitting on the stolen bike, in possession of an identical bottle of whiskey, and within 25 feet of a dumpster containing the TV set.  The state court summarily rejected that argument, and while this Court cannot consider the merits of that ruling due to Petitioner's procedural default, there is a significant difference between contending the evidence at trial was insufficient to support a conviction and proving actual innocence.  This factor does not allow the Court to overlook the procedural default which occurred.  Consequently, the Court may not consider Petitioner's two grounds for relief, and his petition is subject to dismissal on grounds of procedural default.

### III.  RECOMMENDED DISPOSITION

For these reasons, the Magistrate Judge **RECOMMENDS** that the petition for a writ of habeas corpus be **DISMISSED** on grounds of procedural default.

### IV. PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s).  A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or

recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir.1981).


/s/ Terence P. Kemp
United States Magistrate Judge