IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TROY A. MASON,

                                CASE NO. 2:14-cv-00075
    Petitioner,                 JUDGE JAMES L. GRAHAM
                                MAGISTRATE JUDGE KEMP

    v.

WARDEN, NOBLE CORRECTIONAL
INSTITUTION,

    Respondent.

### OPINION AND ORDER

On January 14, 2010, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus be dismissed. Petitioner has filed an *Objection* to the Magistrate Judge's *Report and Recommendation*. Doc. No. 4. For the reasons that follow, Petitioner's *Objection*, Doc. No. 4, is **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

Petitioner objects to the Magistrate Judge's recommendation of dismissal of his claims as procedurally defaulted. Petitioner requests the Court liberally construe his habeas corpus petition, as is required under federal law. *See Haines v. Kerner*, 404 U.S. 519, 595-96 (972). He again argues that he is actually innocent of burglary and the victim of a manifest miscarriage of justice so as to warrant a merits review of his claims. Petitioner has attached a copy of the trial transcripts in support of his *Objection. See* Doc. No. 4.

Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Liberally construing Petitioner's pleadings, the record simply fails to support his arguments. The state

appellate court rejected Petitioner's claim that the evidence was insufficient to sustain his burglary conviction as follows:

> The evidence was more than sufficient to support a charge of burglary. R.C. 2911.12 defines burglary as follows:
>
> (A) No person, by force, stealth, or deception, shall do any of the following:
>
> (1) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense;
>
> (2) Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure that is a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present, with purpose to commit in the habitation any criminal offense;
>
> (3)Trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, with purpose to commit in the structure or separately secured or separately occupied portion of the structure any criminal offense.
>
> (B) No person, by force, stealth, or deception, shall trespass in a permanent or temporary habitation of any person when any person other than an accomplice of the offender is present or likely to be present.
>
> (C) As used in this section, "occupied structure" has the same meaning as in section 2909.01 of the Revised Code.
>
> (D) Whoever violates division (A) of this section is guilty of burglary. A violation of division (A)(1) or (2) of this section is a felony of the second degree. A violation of division (A)(3) of this section is a felony of the third degree.
>
> (E) Whoever violates division (B) of this section is guilty of trespass in a habitation when a person is present or likely to be present, a felony of the fourth degree.

> Each of the elements of the statute was proven. As a result, the trial court properly overruled the defense's Crim.R. 29 motion seeking a judgment of acquittal.

*State v. Mason*, No. 12AP-391, 2013 WL 268933, at *1-2 (Ohio App. 10th Dist. Jan. 24, 2013). The findings of the state appellate court are presumed to be correct, 28 U.S.C. 2254(e)(1), and the trial transcripts support the findings of the state appellate court.  Petitioner has established no reason for this Court to disturb the state appellate court's factual findings.  In view of these facts, Petitioner has failed to establish his actual innocence of the burglary charge so as to warrant a merits review of his otherwise procedurally defaulted claims, which are waived for the reasons set forth in detail in the Magistrate Judge's *Report and Recommendation*.

The United States Court of Appeals for the Sixth Circuit has described the requirements for establishing actual innocence in habeas corpus proceedings as follows:

> The United States Supreme Court has held that if a habeas petitioner "presents evidence of innocence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error, the petitioner should be allowed to pass through the gateway and argue the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115 S.Ct. 851, 130 L.Ed.2d 808. Thus, the threshold inquiry is whether "new facts raise[ ] sufficient doubt about [the petitioner's] guilt to undermine confidence in the result of the trial." *Id*. at 317, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Id*. at 327, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court has noted that "actual innocence means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence- whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence-that was not presented at trial." *Schlup*, 513 U.S. at 324, 115 S.Ct. 851, 130 L.Ed.2d 808. The Court counseled however, that the actual innocence exception should "remain rare" and "only be applied in

3

>
> the 'extraordinary case.' " *Id.* at 321, 513 U.S. 298, 115 S.Ct. 851, 130 L.Ed.2d 808.

*Souter v. Jones*, 395 F.3d 577, 589-90 (6th Cir.2005)(footnote omitted).

Thus, even assuming Petitioner could establish that the evidence was constitutionally insufficient to sustain his conviction which, for the reasons previously discussed, he cannot do, the constitutionally insufficiency of the evidence does not rise to the level of "actual innocence" to justify passing "through the gateway" of a procedural default for review of the merits of a petitioner's underlying claims. *Souter,* 395 F.3d (citing *Schlup,* 513 U.S. at 327). The petitioner must also present "new reliable evidence," that was not presented at trial. He must show that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt, in view of this new evidence. *Schlup*, 513 U.S. at 327. Habeas corpus petitioners rarely can meet the high bar set to establish that they are actually innocent of the charges against them, and Petitioner has not done so here. He has not brought forth any new evidence not already presented at trial that establishes he is factually innocent of the charges or that that no reasonable juror would have found him guilty of burglary, in view of the facts of this case.

**WHEREUPON** Petitioner's *Objection*, Doc. No. 4, is **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED.**

**IT IS SO ORDERED.**

Date: February 13, 2014

s/James L. Graham
_____
JAMES L. GRAHAM
United States District Judge

4