IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

TROY A. MASON,

        Petitioner,

   v.

WARDEN, NOBLE
CORRECTIONAL INSTITUTION,

        Respondent.

CASE NO. 2:14-CV-00075
JUDGE JAMES L. GRAHAM
Magistrate Judge Kemp

## OPINION AND ORDER

On February 13, 2014, final *Judgment* was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. 2254.  Doc. No. 6.  On February 19, 2014, Petitioner filed a *Motion for Extension of Time* to file a request for a certificate of appealability.  Doc. No. 7.  This matter now is before the Court on Petitioner's March 3, 2014, *Motion for a Certificate of Appealability.*  Doc. No. 8.  For the reasons that follow, Petitioner's *Motion for Extension of Time* to file a request for a certificate of appealability, Doc. No. 7, is **DENIED,** as moot.  Petitioner's March 3, 2014, *Motion for a Certificate of Appealability.* Doc. No. 8, also is **DENIED**.

This case involves Petitioner's burglary conviction after a jury trial in the Franklin County Court of Common Pleas.  In April 2012, the trial court imposed a sentence of three years incarceration.  The Ohio Tenth District Court of Appeals affirmed the judgment of the trial court.  Petitioner attempted to timely appeal to the Ohio Supreme Court, but his appeal initially was dismissed due to his failure to comply with S.Ct.Prac.R. 7.02(D)(1), requiring attachment of a date-stamped copy of the opinion of the Court of Appeals.  Thereafter, the Ohio Supreme Court dismissed his appeal as untimely.

1

Because the Ohio Supreme Court dismissed Petitioner's appeal as untimely, Petitioner procedurally defaulted all of his claims for relief.  Because Petitioner failed to show cause for this procedural default, the Court dismissed Petitioner's habeas corpus petition, concluding that he had waived all of his claims for review in these proceedings.

Federal Rule of Appellate Procedure Rule 4(a)(1)(A) requires the *Notice of Appeal* to be filed within thirty days of the judgment or order being appealed from.  Petitioner filed his request for a certificate of appealability, which this Court construes as a notice of appeal, within this time.  The Court therefore need not consider Petitioner's *Motion for Extension of Time* to file a request for a certificate of appealability, Doc. No. 7, and it is **DENIED,** as moot.

As to Petitioner's *Motion for a Certificate of Appealability.* Doc. No. 8, where the Court dismisses a claim on procedural grounds, Petitioner must show "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling" to obtain the certificate of appealability.  *Slack v. McDaniel*, 529 U.S. 473, 484–85 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." The Court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id.* This Court is unpersuaded that reasonable jurists would debate whether this Court was correct in its dismissal of petitioner's claims as procedurally defaulted.  The United States Court of Appeals for the Sixth Circuit in *Bonilla v. Hurley*, 370 F.3d 494, 497 (6th Cir. 2004), has held that the Ohio Supreme Court's denial of an appeal under these circumstances

fails the test set forth under *Maupin v. Smith*, 785 F.2d 135, 138 (2004).  Therefore, petitioner's request for a certificate of appealability, Doc. No. , is **DENIED**.

His *Motion for Extension of Time* to file a request for a certificate of appealability, Doc. No. 7, and it is **DENIED,** as moot.

    **IT IS SO ORDERED.**

Date: March 10, 2014

                                                 **s/James L. Graham**
                                                 _____
                                                 JAMES L. GRAHAM
                                                 United States District Judge